UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

**FILED**

MAY 0 4 2016


CLERK

| | |
|---|---|
| THOMAS KINTER,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>ROBERT DOOLEY,<br>Director of Prison Operations;<br>DARREN YOUNG,<br>Warden, SDSP;<br>TROY PONTO,<br>Associate Warden, Jameson Annex;<br>DENNIS KAEMINGK,<br>Secretary of Corrections;<br>C.O. THAYLOR,<br>Correctional Officer Jameson annex;<br>C.O. SHOEMAKER,<br>Correctional Officer, Jameson Annex;<br>SETH HUGHES,<br>Unit Manager, Jameson Annex;<br>JOSH KLIMEK,<br>Unit Manager, MDSP;<br>TAMMY DEJONG,<br>Unit Coordinator, MDSP;<br>Unknown DOC staff,<br>Unknown DOH staff,<br><br>　　　　　Defendants. | 4:16-CV-04048-LLP<br><br>ORDER GRANTING<br>LEAVE TO AMEND |

　　Plaintiff, Thomas Kinter, is an inmate at the Mike Durfee State Prison in Springfield, South Dakota. Plaintiff filed a pro se civil rights lawsuit pursuant to 42 U.S.C. § 1983. Docket 1. The court has now screened Kinter's complaint

pursuant to 28 U.S.C. § 1915A. For the reasons stated below, Kinter is granted leave to amend his complaint.

## FACTUAL BACKGROUND

In December 2015, Kinter was incarcerated at the Jameson Annex of the South Dakota State Penitentiary (SDSP). Docket 1 at ¶ 14. On December 30, 2015, Kinter's cell was searched, and C.O. Shoemaker confiscated Kinter's migraine medication. *Id.* at ¶ 15. He asked Shoemaker to give him his medication and take him to the medical department because he was having a migraine, causing him severe pain. *Id.* at ¶ 16.

He asked another corrections officer, C.O. Thayer, numerous times to take him to medical and give him back his medication. *Id.* at ¶¶ 18-20. Over time, Thayer's response escalated from mocking Kinter to eventually opening the cell and handcuffing Kinter. *Id.* at ¶¶ 18-21. Thayer put Kinter in a holding cell. *Id.* at ¶ 22.

While in the holding cell, Kinter again asked to be taken to medical. *Id.* at ¶ 23. Thayer angrily pushed Kinter, and he fell back and hit the wall, knocking him unconscious. *Id.* at ¶¶ 23-24. Kinter was taken to the segregated housing unit (SHU), barely conscious and asking to be taken to medical the entire time. *Id.* at ¶ 26.

When he arrived at SHU, Kinter was stripped searched. *Id.* at ¶ 27. While he was being searched, he heard correctional officers saying, "[P]ut him in with Spotted Elk. [H]e will like that." *Id.* Kinter was celled with Spotted Elk. *Id.* at ¶ 28. Spotted Elk immediately began to threaten Kinter, saying that all white

2

people are worthless. *Id.* Kinter could not sleep for fear of Spotted Elk, who took Kinter's food and would not allow him to get off the bunk or use the bathroom. *Id.* at ¶ 29. The next day, Spotted Elk began to push and slap Kinter, threatening to kill him. *Id.* at ¶ 30. Kinter called the correctional officers, who brought him to a holding cell. *Id.* at ¶ 31. When the correctional officers tried to re-cell Kinter with Spotted Elk, Kinter refused and was written up. *Id.* at ¶¶ 32-33.

Kinter was in the SHU for five days. *Id.* at ¶ 34. He was never taken to medical. *Id.* He was never given care for his concussion. *Id.* While in the SHU, Kinter's headaches were so bad that he couldn't eat, he became sick, he was dizzy, and his vision was blurred. *Id.* at ¶ 35.

While he was in the SHU, Kinter was given a hearing concerning his punishment. *Id.* at ¶ 48. Because of his injuries, he does not remember the hearing. *Id.* He requested that a fellow inmate named Wyrich be called as a witness. *Id.* at ¶ 49. Prison officials refused. *Id.* They merely provided a written statement from Kinter's cellmate. *Id.* Afterward, Kinter asked Seth Hughes, his representative at the hearing, for grievance forms, so he could complain about the hearing, but Hughes refused. *Id.* at ¶ 50. Hughes told Kinter it did not matter because Thayer had already been fired. *Id.* at ¶ 51. Hughes was the prison official who responded to Kinter's grievance. *Id.* at ¶ 52.

After Kinter was released from the SHU, he went to sick call. *Id.* at ¶ 38. The medical department told him there was nothing they could do and returned him to his cell. *Id.* at ¶ 39. He went to medical at SDSP seeking

treatment many more times but was never treated for his headaches. *Id.* at ¶ 40.

In January 2016, Kinter was transferred to Mike Durfee State Prison (MDSP). *Id.* at ¶ 41. He has been to sick call many times at MDSP, but has not received treatment he feels is adequate. *Id.* at ¶¶ 42-43, 45. He had a CAT scan taken, but was never called for the result. *Id.* at ¶ 42. Besides this, he was only given a cold washcloth to put on his head and Tylenol, which does not help his pain. *Id.* at ¶¶ 43, 45. Ever since he was knocked unconscious by Thayer, he has had problems with memory loss that have affected his school work. *Id.* at ¶ 47.

Kinter attempted to exhaust his administrative remedies at both SDSP and MDSP. *Id.* at ¶ 54. He received the forms necessary for his appeal too late, and when he tried to file his appeal, he was told he was not allowed to appeal any longer. *Id.* at ¶¶ 55-56, 60-62. Because of his transfer and the time it took prison officials to respond to his grievance, he could not have timely filed his appeals. *Id.* at ¶ 63. Tammy DeJong also told him he could not grieve issues that happened in the Jameson Annex of SDSP. *Id.* at ¶ 57.

On April 6, 2016, Kinter filed this complaint. *Id.* He alleges that defendants violated his Eighth amendment rights by denying him access to medical care, taunting him, assaulting him, and housing him with a dangerous cellmate. *Id.* at ¶¶ 68-70, 73. He alleges that his due process rights were violated when he was sent to the SHU without breaking a prison rule, when he was disciplined for refusing housing, when the prison did not call his witness

and conducted the hearing when he was unable to understand or participate, and when Hughes responded to his grievance concerning his disciplinary hearing. *Id.* at ¶ 72, 74-75, 77. He alleges that his due process rights and his right to petition the government were violated because defendats would not give him grievance forms. *Id.* at ¶ 76.

## LEGAL STANDARD

The court must accept the well-pleaded allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party. *Schriener v. Quicken Loans, Inc.*, 774 F.3d 442, 444 (8th Cir. 2014). Civil rights and pro se complaints must be liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted); *Bediako v. Stein Mart, Inc.*, 354 F.3d 835, 839 (8th Cir. 2004). Even with this construction, "a pro se complaint must contain specific facts supporting its conclusions." *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985); *Ellis v. City of Minneapolis*, 518 F. App'x 502, 504 (8th Cir. 2013). Civil rights complaints cannot be merely conclusory. *Davis v. Hall*, 992 F.2d 151, 152 (8th Cir. 1993); *Parker v. Porter*, 221 F. App'x 481, 482 (8th Cir. 2007).

A complaint "does not need detailed factual allegations . . . [but] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "If a plaintiff cannot make the requisite showing, dismissal is appropriate." *Abdullah v. Minnesota*, 261 F. App'x 926, 927 (8th Cir. 2008); *Beavers v. Lockhart*, 755 F.2d 657, 663 (8th Cir. 1985).

Under 28 U.S.C. § 1915A, this court must screen prisoner claims and determine whether they are (1) frivolous, malicious, or fail to state a claim on which relief may be granted; or (2) seek monetary relief from a defendant who is immune. *See Onstad v. Wilkinson*, 534 F. App'x 581, 582 (8th Cir. 2013).

## DISCUSSION

Kinter fails to state a claim upon which relief may be granted. The Eighth Circuit "require[s] a 'clear statement' or a 'specific pleading' indicating that the plaintiff[ is] suing the defendants in their individual capacities." *Remington v. Hoopes*, 611 F. App'x 883, 885 (8th Cir. 2015) (quoting *Andrus ex rel. Andrus v. Arkansas*, 197 F.3d 953, 955 (8th Cir. 1999)). "[W]hen a plaintiff's complaint is silent or otherwise ambiguous about the capacity in which the plaintiff is suing the defendant, [Eighth Circuit] precedent requires [the Court] to presume that the plaintiff brings suit against the defendants in only their official capacities." *Id.* (citing *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999); *Artis v. Francis Howell N. Band Booster Ass'n, Inc.*, 161 F.3d 1178, 1182 (8th Cir. 1998). Kinter's complaint does not state the capacity in which he sues defendants. Therefore, the court presumes he brings suit against defendants in their official capacities only.

Kinter fails to state a claim against Thayler, Shoemaker, Unknown Officers in the Jameson SHU, Unknown Department of Health employees, and Unknown Disciplinary Hearing Officers. In these claims, Kinter requests money damages only. Docket 1 at ¶¶ 78-84. Damages for official capacity claims are

barred by the Eleventh Amendment. *Reynolds v. Dormire*, 636 F.3d 976, 981 (8th Cir. 2011). Therefore, these claims are barred.

Kinter fails to state a claim against Dooley, Young, Ponto, and Kaemingk. Kinter does not mention defendants Dooley, Young, or Ponto in the fact or claim sections of his complaint, and he only mentions Kaemingk to say he sent a letter to Kaemingk explaining his situation. Docket 1 at ¶ 67. Kinter requests relief from Dooley, Ponto, Young, and Kaemingk "for failing to properly train their facilities . . . ." *Id.* at ¶ 85. Kinter does not state any facts or present any arguments concerning the inadequate training provided by defendants. Therefore, he fails to state a claim against Dooley, Young, Ponto, and Kaemingk.

Kinter fails to state a claim against Hughes, Klimek, and Dejong. He alleges that Hughes, Klimek, and Dejong failed to follow South Dakota law and federal constitutional law. *Id.* at ¶ 86. He requests and injunction ordering all Department of Corrections staff be trained in compliance with South Dakota law and federal constitutional law. *Id.*

"[T]here is no § 1983 liability for violating prison policy[,]" *Gardner v. Howard*, 109 F.3d 427, 430 (8th Cir. 1997); *Moore v. Rowley*, 126 F. App'x 759 (8th Cir. 2005), and " ' a violation of state law, without more, does not state a claim under the federal Constitution or 42 U.S.C. § 1983.' " *Colbert v. Roling*, 233 F. App'x 587, 589-90 (8th Cir. 2007) (quoting *Collins v. Bellinghausen*, 153 F.3d 591, 596 (8th Cir.1998). Therefore, to the extent Kinter alleges that

defendants violated state law and prison policies, he fails to state a claim upon which relief may be granted.

Kinter's claim that Hughes, Klimek, and Dejong violated the federal constitution, specifically his due process rights, is unclear. He claims Hughes and Dejong refused to give him grievance forms. Docket 1 at ¶¶ 50, 57. The complaint does not explain why this is a due process claim rather than a first amendment claim. Kinter also alleges that he was denied due process during his hearing, but requests relief from an "Unknown Disciplinary Hearing Officer" and requests "$2,500 in Damages." *Id.* at ¶ 84. Because there is no clear statement that Hughes, Klimek, and Dejong violated his due process rights, Kinter fails to state a claim upon which relief may be granted.

Kinter's complaint fails to state a claim; however, he may be able to rectify the issues discussed above by amending his complaint. The court grants him leave to amend his complaint. Kinter should identify his claims and grounds for liability with specificity, including the defendants against whom he raises each claim.

Therefore, it is ORDERED

1. Kitner's complaint (Docket 1) fails to state a claim under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).
2. Kinter may file his amended complaint by **June 4, 2016.**

3. If Kinter fails to comply with this order the court may, without further notice, dismiss his complaint with prejudice.

Dated May 4, 2016.

BY THE COURT:

*(signature)*
Lawrence L. Piersol
UNITED STATES DISTRICT JUDGE